M’Giric, C. J.,
delivered the opinion of the Court.
This bill sets out many facts, and goes for an injunction against a judgment at law. The hill alledges, that on the trial at law, certain depositions were suppressed, because they were not properly authenticated; and that' the complainant, thereon, applied for a continuance, supported by affidavit, showing to the Court that he could have said testimony by the next term of the Court. What that testimony was, appears by an exhibit in the case. The Court refused to grant the continuance, because its opinion was, that the testimony woidd be unavailing in a Court of Law. This last fact is not proved in such manner that this Court can see whether the Circuit Court should have granted a new trial of the cause in a Court of Law. If these last allegations had been proved, and that proof appeared preserved on the record in this case, we would say, that the Circuit Court, sitting as a Court of Chancery, should have decreed a new trial in the Court of Law. It has been urged against this doctrine, that when the Court of Law refused the. new trial, it should have been excepted to, and the matter corrected by writ of error; as the law is now understood, that might have been done; but whether, in any given case, the appellate Court will think the Circuit Court did not exercise a proper discretion, in refusing a continuance, is a doubtful matter. It must bo so from the nature of the thing; for, with respect to granting or refusing continuance, there can hardly he any general rule. Every case must depend on its own peculiar merits. The Court of Law said, the remedy was in equity; therefore, the continuance was refused, and it turns out that when the matter is brought into a Court of Equity, that in truth and law, the party’s remedy, if any, is in a Court of Law, and for this reason his hill is dismissed ; hut in the meantime, his time to except, in the Court of Law, is gone, and that not by his fault. We think that the party should be put in statu quo.
But for this, we cannot reverse the decree of the Circuit Court, because, if this last matter was found, the evidence does not appear on the record. The act of the General Assembly, respecting chancery practice, says, that the evidence on which a decree is predicated, shall appear in the appellate Court, either by being embodied in the decree, or by a case agreed on by a special verdict, pr on the record. In this case, the testimony on which the Circuit Court dismissed the hill, is not so saved, that we can clearly see the Court did right in dismissing the hill for want of equity; and because the testimony, on both sides, on which the Court acted, is not preserved, as directed by the 42d section of the act respecting chancery practice.
The decree is reversed, and sent back for further proceedings.