WALSH, *Plaintiff in Error,* v. KETCHUM, *et al.*

1. **Voluntary Conveyance** : FRAUD : CREDITORS. A voluntary conveyance is only presumptively fraudulent as to existing creditors.

2. ——— : ——— : BURDEN OF PROOF. The burden of proof is on the donee to repel the presumption of a fraudulent intent.

3. **The Payment** by the grantor of his own debt secured by mortgage on the property conveyed to his wife, and also the taxes thereon, *held,* in this case, not to create an interest in the husband in the property, subject to his debts.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*G. M. Stewart* for plaintiff in error.

(1) The deed of February 12, 1872, to Logan D. Dameron without any consideration is void as to plaintiff, who was an existing creditor. *Hurley v. Taylor,* 78 Mo. 238; *Payne v. Stanton,* 59 Mo. 159; *Potter v. McDowell,* 31 Mo. 69; *Patten v. Casey,* 57 Mo. 118; *Sloan v. Torrey,* 78 Mo. 633; *City Nat'l Bk. v. Hamilton,* 34 N. J. 160; *Crawford v. Kirksey,* 55 Ala. 282; Wait on Fraudulent Conveyances, sec. 93; *Barhydt v. Perry,* 57 Ia. 416; *Lockhardt v. Bulkley,* 10 W. Va. 87. (2) If the deed is valid, Ewing C. Ketchum has an interest in the property subject to sale for the payment of this debt to the extent of all payments he has made since said deed of February 12, 1872, for taxes, insurance, improvements, and the reduction of the deed of trust. *Kesley v. Bruns,* 45 Mo. 234; *Tillman v. Tillman,* 50 Mo. 40; *Woodward v. Stephens,* 51 Mo. 443; *Burgess v. Carr,* 52 Mo. 43; *White v. McPheeters,* 75 Mo. 286–294; *Workman v. Price,* 47 Ill. 22; *Hackett v. Barley,* 86 Ill. 74. (3) The case involves title to real estate. *Baier v. Berberich,* 77 Mo. 413.

*Pattison & Crane* for defendants in error.

(1) An appeal does not lie to this court because the amount involved is less than $2500. (2) This is not a case involving title to real estate. *State ex rel. v. Court of Appeals*, 67 Mo. 199 ; *Umbarger v. Watts*, 25 Gratt. 167 ; *Smith v. Bryan*, 34 Ga. 53. (3) The deed to Mrs. Ketchum's trustee was not in fraud of creditors ; the donation, if such it were, was very small in proportion to the aggregate of Mr. Ketchum's property. *Chambers v. Sallee*, 29 Ark. 407 ; *Brown v. Spivey*, 53 Ga. 155 ; *Salmon v. Burnett*, 1 Conn. 525 ; *Bird v. Bolduc*, 1 Mo. 701. *Patton v. Casey*, 57 Mo. 118. (4) A voluntary conveyance is not *per se* fraudulent as against creditors prior or subsequent, but the *bona fides* is a question of fact under all the circumstances attending its execution. *Hindes' Lessee v. Longworth*, 11 Wheat. 213 ; *Lane v. Kingsbury*, 11 Mo. 402 ; *Howard v. Williams*, 1 Bailey 575 ; *Lloyd v. Fulton*, 91 U. S. (1 Otto) 485 ; *Priquet v. Swan*, 4 Mason C. C. R. 443 ; *Lusk v. Wilkinson*, 5 Vesey 384. And that existing indebtedness does not render a gift, or voluntary conveyance, absolutely void as to creditors, if there is no intention on the part of the donor to hinder, delay or defraud creditors. *Smith v. Yell*, 8 Ark. 470 ; *Gridley v. Watson*, 53 Ill. 186 ; *Hackett v. Bailey*, 86 Id. 74. (5) It was not a donation, for (*a*) every cent that it cost was borrowed. And the effect of this is not altered by the fact that a part of the money was put into Ketchum's business, and then drawn out in instalments for the purpose of paying off the debt. (*b*) Ketchum received from his wife more money than he ever paid on this property. (6) If this conveyance should be set aside, respondent would be entitled to a homestead of much greater value than the equity of redemption now existing. R. S., sec. 2691 ; *Vogler v. Montgomery*, 54 Mo. 577 ; *State ex*

*rel. v. Diveling*, 66 Id. 475. (7) Plaintiff has not exhausted his legal remedies. There is no evidence even that an execution has been returned *nulla bona*.

NORTON, J.—This suit was instituted in St. Louis circuit court by plaintiff, a judgment creditor of defendant, Ewing C. Ketchum, to subject to sale for the satisfaction of the judgment, certain real estate, the legal title to which is invested in defendant, Dameron, as trustee for defendant, Louisa C. Ketchum, wife of said Ewing C. It is substantially averred in the petition, as the ground for the relief prayed for, that in February, 1872, Ewing C. Ketchum was indebted to plaintiff in the sum of money for which plaintiff's judgment was rendered in 1879 ; that said Ketchum in 1872 was the owner of the real estate in question, and at his request the deed conveying it to said Dameron in trust for his wife was made ; that the deed was voluntary and without consideration, and made for the purpose of putting the property beyond the reach of creditors. It is also alleged that defendant, Ketchum, has no other property out of which plaintiff can make his judgment ; that Ketchum had, out of his own money, put valuable improvements on the property conveyed, and that it was held in secret trust for him to defraud creditors. The answer was a general denial, and on the trial in the circuit court the bill was dismissed and judgment rendered for defendant, which, on appeal to the St. Louis court of appeals, was affirmed, and the case is before us on appeal from said court.

It is insisted by appellant that, inasmuch as Ketchum was indebted to him at the time the voluntary conveyance of the real estate in question was made, that such conveyance as to him is void, and that it should be so declared. We do not understand this to be the law. While such a conveyance is presumptively fraudulent, the presumption may be rebutted. Bump on Fraudulent Conveyances, pages 275-6, states the rule thus:

"The presumption of an intent to delay, hinder, and defraud creditors arising from a voluntary conveyance by a person who is in debt is not conclusive, for such a conveyance is fraudulent only when it necessarily delays, hinders, or defrauds them. * * * The true rule by which the fraudulency or fairness of a voluntary conveyance is to be ascertained in this respect, is founded on a comparative indebtedness, or, in other words, on the pecuniary ability of the donor at the time to withdraw the amount of the donation from his estate without the least hazard to his creditors, or in any material degree lessening their then prospects of payment." In such cases "the burden of proof rests upon the donee to establish the circumstances which will repel the presumption of a fraudulent intent. The conveyance stands condemned as fraudulent unless the facts which may give it validity are proved by him. If no evidence is given to show that the donor had ample means to meet his liabilities, then the transfer must be deemed void as against creditors." So in the case of *Lloyd et al. v. Fullon*, 91 U. S., 479, when, after full examination of tne authorities, it is said: "The rule as now established is, that prior indebtedness is only presumptive and not conclusive proof of fraud, and this presumption may be explained and rebutted."

It has never been held in this state, when the point was involved in the decision that a voluntary conveyance, as to existing creditors, is void, but the contrary has been affirmed in the case of *Bird v. Bolduc*, 1 Mo. 702, and *Lane v. Kingsbury*, 11 Mo. 402. In the latter case it is said that "the doctrine that a voluntary conveyance is not fraudulent *per se*, as to existing creditors, though opposed by some, is established by a great weight of authority. The *bona fides* of every such conveyance is a question of fact to be ascertained by a jury under all the circumstances attending it." The rule, as laid down by Mr. Bump, has been recognized by this

court in the case of *Potter v. McDonald*, 31 Mo. 62, and *Patten v. Casey et al.*, 57 Mo. 118, in the latter of which cases it is said that a voluntary conveyance made by a debtor in embarrassment or doubtful circumstances, without ample means outside of the particular property conveyed, for the satisfaction of his then existing debts, though made without any specific intent to defraud, is fraudulent in law as to all who were creditors at the time of the execution of the conveyance, and whose debts remain unpaid and incapable of collection in the ordinary course of proceedings. As asserting a different doctrine our attention has been called by counsel to the case of *Hurley v. Taylor*, 78 Mo. 238, where in the report of the commissioner, it is said: "Their deeds being without consideration were void as to existing creditors." It will be sufficient to say of this case that the question as to whether the voluntary conveyances referred to were, or were not void, was not the point in judgment on the appeal, and the remark there made is mere *obiter*, and if it is to be understood as announcing the principle that a voluntary conveyance as to existing creditors, is absolutely void, does not meet with our sanction.

The conditions mentioned in the cases of *Potter v. McDonald*, and *Patten v. Casey et al.*, *supra*, upon which the law predicates conclusive presumption of fraud, do not exist in the case before us. The evidence in the case has influenced our minds as it did the minds of the judges of the court of appeals, and that of the trial judge who heard it, in that, in February, 1872, when the conveyance in question was made, Ketchum was neither in embarrassed, nor doubtful circumstances, but on the contrary, that he was entirely solvent; that the assets invested in his business, as a merchant, amounted to more than $50,000 in excess of his business debts, and that he also owned outside of the property in question, conveyed in trust for his wife, which was incumbered with a debt of $4,000, and worth about $7,000;

owned other unincumbered real estate, worth in the aggregate between 1869 and 1879, according to the evidence of experts, about $24,000 ; that during the year 1872, and till the fall of the year 1873, he remained unembarrassed in his business, when, in common with others, he was affected by the financial crisis which occurred at that time, and when he sustained, as he swears, a loss of about $50,000 by the misconduct of his confidential clerk. In the language of Judge Thompson : "If, under these circumstances, the plaintiff has an equity which entitles him to have this property subjected to the payment of his judgment, we can hardly conceive of a case in which a solvent merchant could donate a homestead to his wife so as to place it beyond the hazards and misfortunes which frequently overtake the most honest and prudent business men."

The payment of taxes on the property by Ketchum, as well as the payment made on his debt, secured by mortgage, or deed of trust on the property of the wife, afford no ground of relief to plaintiff, inasmuch as in paying his own debt he was doing nothing more in law or morals, than he was bound to do, and inasmuch as the taxes paid on the property which was used as a homestead, amount to less than a fair rental value of the property so occupied.

Judgment affirmed.    All concur.