J. B. ZINN, Respondent, v. W. C. HYATT, Appellant.

**Kansas City Court of Appeals, January 28, 1895.**

1. **Warranty**: CONTINUANCE OF: BULL. Defendant's answer in an action for the purchase price of a bull was a warranty not only as to his ability and condition at the time of the sale, but it was a continuing warranty for the season, and it was error to eliminate the continuing feature of the warranty by instructions to the jury.

2. ———: ORDINARY RUN: INSTRUCTION. Where the answer was that the bull was warranted to be of a given kind, and the evidence tended to support the answer, an instruction is erroneous which tells the jury that, if the bull was as good as the ordinary run of bulls of that kind, he met the conditions of the warranty.

*Appeal from the Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

REVERSED AND REMANDED.

*Chas. E. Morrow* for appellant.

(1) The answer alleged an oral, special, continuing warranty of the bull for one season. *Osborn v. Nicholson*, 13 Wall. 654; *Richardson v. Mason*, 53 Barb. 601; *Fatman v. Thompson*, 2 Disney, 482. (2) It was alleged in the answer and there was evidence tending to prove that plaintiff warranted the bull for the season by an oral special warranty; and this issue was a question of fact and a matter that the jury alone was authorized to determine. In all the instructions given for plaintiff and by the court of its own motion, the court took this issue from the jury by limiting the warranty to the condition of the bull at the time of the sale. *Lindsay v. Davis*, 30 Mo. 406, *loc. cit.* 410; *Chouquette v. Barada*, 28 Mo. 491, *loc. cit.* 498; *Warren v. Palmer*, 24 Mo. 78, *loc. cit.* 82; *Halbert v. Hal-*

bert, 21 Mo. 277; *Murphy v. Bedford*, 18 Mo. App. 279; *Dennis v. Crooks*, 23 Mo. App. 532; *Farley v. Pettes*, 5 Mo. App. 262; 1 Thompson on Trials, sec. 1197. (3) In the fourth instruction asked by the plaintiff and given by the court, the special contract of warranty alleged and proven by defendant is ignored and the jury are instructed on the theory of an implied warranty. This also was an issue of fact which the jury alone had the right to determine, and is reversible error. *Lindsay v. Davis, supra,* and authorities under point 2. (4) Instructions numbers 3 and 4, asked by defendant and refused by the court, should have been given. They properly submitted the warranty as alleged and proven by defendant. It being an oral warranty, the issue was one of fact for the jury to determine, viz: what the intentions of the parties were and what the warranty was. *Lindsay v. Davis, supra; Chouquette v. Barada, supra; Warren v. Palmer, supra; Halbert v. Halbert, supra; Murphy v. Bedford, supra; Dennis v. Crooks, supra; Farley v. Pettes, supra;* 1 Thompson on Trials, sec. 1197.

No brief for respondent.

GILL, J.—This is an action on a promissory note for $125, executed by defendant to plaintiff, for the purchase price of a bull. The defense relied on was breach of warranty. It was alleged in the answer that the plaintiff, at the time of the sale, warranted the animal to be a good and sure breeder, "and if turned with defendant's herd of cows, said bull would get said cows with calf * * * and that said bull was not troublesome or breachy;" and that defendant relied upon said warranty, etc. Defendant further alleged "that said bull at the time was not a good and sure breeder, and when turned with defendant's cows, he failed to get

them with calf * * * and that said bull was, trouble-some and breachy," was worthless for said purpose, and wholly failed to fill said warranty.

Both parties testified that when the contract of sale was entered into, the plaintiff represented the bull to be a sure breeder. The testimony on defendant's part tended to prove that in addition to the last men-tioned representation, the plaintiff stated that if the bull was turned with the defendant's forty-one cows, he would get them with calf. Plaintiff denied this.

At the conclusion of the evidence (and which tended to support the respective claims of either party), the issues were submitted to a jury, resulting in a ver-dict and judgment for plaintiff in the full amount sued for, and defendant appealed.

I. Defendant sought to defeat this action by alleging and proving certain breaches of warranty as to the quality and ability of the bull. According to the case made by the defendant, the plaintiff warranted the animal; *first*, to be a good and sure breeder; *second*, to be free from the vice of fence breaking, and, *third*, that if put with the defendant's forty-one cows, he would, at the first season, get all of them with calf. And the defendant's evidence tended to show breaches of each of these several warranties, in that the bull was not a good and sure getter of calves, that he was a breaker of fences, and that, being placed with the defendant's forty-one cows, not more than one half were gotten with calf.

The matter of defendant's complaint here relates to the character of the instructions. It was, and is, defendant's contention that plaintiff's warranty was not only as to the ability and condition of the bull *at the time* of the sale, but that it was a continuing war-ranty, in so far, at least, that plaintiff contracted and agreed, not only that the bull was a good and sure

breeder *at the date of sale*, but that he would, at that season, get all defendant's herd of cows with calf. The court, however, eliminated this feature of the defense, and confined the inquiry as to the calf getting capacity of the bull to the time of defendant's purchase.   In our opinion, this was error, if defendant's testimony is to be credited, then the plaintiff did more than contract for the breeding qualities of the bull at the date of sale, but went further and warranted that the bull would, during that season, get all of defendant's cows with calf.  If the defendant so agreed or warranted the future capacity of the animal, we know of no reason why he should not live up to his engagement and compensate the defendant for any breach thereof, if indeed there was a breach.

At the instance of plaintiff, the court gave this instruction:

"If the jury find from the evidence that said bull was as good a breeder as the ordinary run of bulls of that kind, and that he was no more breachy and cross than bulls of the kind and age usually are, then defendant is not entitled to any damage, even if the plaintiff did warrant said bull to be a good breeder, and not to be breachy."

The giving said instruction was clearly erroneous. The defense in question is based on an express warranty.   The "ordinary run of bulls of that kind" may be poor or indifferent breeders; and may ordinarily at that age be fence breakers, cross and unruly, and yet the condition, or capacity of such ordinary animals will not discharge plaintiff and release him from the warranty that this bull was superior to the ordinary run of bulls, and free from their vices.

The judgment will be reversed, and cause remanded.   All concur.