Louis Glacier *et al.*, Appellants, v. Jacob L. Walker, Respondent.

### St. Louis Court of Appeals, February 23, 1897.

1. **Attachment:** VOLUNTARY CONVEYANCE: FRAUD: PEREMPTORY INSTRUCTION. A voluntary conveyance is not fraudulent in law, if the grantor reserves ample property, subject to legal process, to meet his existing indebtedness; and where, in attachment, the evidence was conflicting on that point, it would have been error to take the issue from the jury by peremptory instruction.

2. ———: ———: INSTRUCTIONS. But where, in attachment, the ground of attachment was that defendant "fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors," an instruction, submitting to the jury the question as to his "fraudulent intent," in making the transfer, was erroneous; it was sufficient if the conveyance was constructively fraudulent, and tended to hinder or delay existing creditors in the enforcement of their demands. So was an instruction erroneous, which, in effect, told the jury that the voluntary transfer was not fraudulent in law, if defendant "in good faith believed that he had ample property left to pay his creditors." Whether defendant had retained ample property to pay his creditors, so as to relieve such conveyance of the legal imputation of fraud, was not a question of his *belief*, but a question of fact, which it was incumbent on him to show, in order to rebut the legal presumption of fraud.

*Appeal from the Howell Circuit Court.*—Hon. W. N. Evans, Judge.

Reversed and remanded.

*J. R. White* and *Orchard & Hines* for appellants.

Under the circumstances of this case the voluntary conveyances are fraudulent in law, and constitute sufficient ground for attachment. *Bank v. Price*, 41 Mo. App. 291–294; *Patton v. Bragg*, 113 Mo. 595–601; *Jordon v. Bushmeyer*, 97 *Id.* 97; *Seger Sons v. Thomas*

*Bros.*, 107 *Id.* 641; *Hoffman v. White*, 127 *Id.* 136; *Patton v. Casey*, 57 *Id.* 118; *Benne v. Schnecke*, 100 *Id.* 251.

The trial court erred in refusing the fourth instruction asked by plaintiff, which fully covered the law applicable to such cases. *Garret v. Thayer*, 125 Mo. 450; *Reed v. Pelletier*, 28 *Id.* 173.

It does not matter what motive actuated defendant in making such conveyances. It was necessary to show actual fraud. *Patton v. Bragg*, 113 Mo. 601; *White v. McPheeters*, 75 *Id.* 294; *Potter v. McDowell*, 31 *Id.* 69. See, also, *Noyes, Norman & Co. v. Cunningham*, 51 Mo. App. 196; *Douglas v. Cissna*, 17 *Id.* 54; *Cooper v. Standey*, 40 *Id.* 138; *Gens & Tiede v. Hargadine & Co.*, 56 *Id.* 249.

No brief filed for respondent.

BOND, J.—Plaintiffs brought an attachment suit against defendant alleging in the affidavit for the writ that defendant "fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors." This was traversed by a plea in abatement. On the issue thus formed the jury found for defendant. On the trial of the merits plaintiffs had judgment for $146.80. From the verdict and judgment against them on the plea in abatement plaintiffs appealed to this court.

On the trial of the plea in abatement plaintiffs' evidence tended to show that at the time this suit was brought the defendant, being insolvent, made a voluntary conveyance of a farm in Texas county worth about $1,000, and made another conveyance of a lot at Mt. View for a consideration of $125 which was received by his wife, and also three other conveyances of

small tracts of land to his son-in-law and daughter for the considerations recited in them; that defendant's stock of goods was attached for about $265 by a creditor, and subsequently bought by said creditor at a sale under the attachment, for about $300. Defendant's evidence tended to prove that about the twenty-first of March, 1895, he was very sick and not expected to live; that he made the conveyances in question to pay his indebtedness to the grantees, except as to the Texas land, which latter he conveyed so as to have it subsequently conveyed for the support of his wife and child; that aside from the said conveyances he retained sufficient property to pay all of his debts; that his stock of goods was worth from $1,500 to $2,000, and his horses, cows, hogs and other personal property were worth about $1,000; that excluding the debts paid by his conveyances, he did not owe more than $1,000.

The first point urged is that appellants were entitled to a peremptory instruction to find in their favor. This is untenable. A voluntary conveyance is not constructively fraudulent if the grantor VOLUNTARY conveyance: fraud: peremptory instruction. reserves ample property, subject to legal process, to answer his existing indebtedness. As the evidence was conflicting on this point, the court could not take that issue from the jury. The court, however, did err in giving at defendant's request the following instruction:

"The court instructs the jury that if you find from the evidence that at the time defendant made the transfers of property to his wife and had the note of $125 made payable to her, he, the defendant, was sick and thought he was going to die, and for the sole purpose of securing this property to his wife in case of his death in lieu of a will, with no fraudulent intent, then such transfers would not be fraudulent in law, if you

find that defendant in good faith believed that he had ample property left to pay his creditors."

There are two errors embodied in the above instruction. The first defect is the submission to the jury of the question as to the "*fraudulent intent*" of defendant in making the transfer of his property. The ground of attachment relied on in this case is the one stated in subdivision 7, section 521, Acts of 1889. When an attachment is sued out for the reason stated in this section, the question of the intent or motive of the defendant is wholly immaterial. It is enough if his conveyance is constructively fraudulent, or fraudulent in law, and tends to hinder or delay existing creditors in the enforcement of their demands. *Potter v. McDowell*, 31 Mo. 69; *Reed v. Pelletier*, 28 Mo. 173; *Walsh v. Ketchum*, 84 Mo. 427; *Cooper v. Standley*, 40 Mo. App. 138. The second defect in the foregoing instruction is the last clause, wherein the jury were told in effect that the voluntary transfer by defendant was not fraudulent in law, if he "in good faith believed that he had ample property left to pay his creditors." This is an incorrect statement of the law. It is not a question as to the *belief* on the part of the grantor, but as to fact, that he has retained ample property to pay his creditors, that relieves his voluntary conveyance from the fraudulent character which the law would otherwise impute to it. It is incumbent on him, in order to do away with the *prima facie* presumption of fraud in law, to show that he did retain ample property, liable to process, to pay all his existing debts. *Snyder v. Free*, 114 Mo. *loc. cit.* 369; *Hoffman v. Nolte*, 127 Mo. 135; Bump on Fraudulent Conveyances, 276, 277. For the foregoing reasons the judgment in this case will be reversed and the cause remanded. It is so ordered. All concur.