BARRY COUNTY BANK, Respondent, v. E. W. RUSSEY, Appellant.

St. Louis Court of Appeals, April 29, 1898.

74 651
86 655.

74 651
175s ³512

1. **Attachment:** FRAUDULENT CONVEYANCE. A conveyance made by a debtor in failing circumstances to secure an honest debt, to one or more of his creditors, to the exclusion of other creditors, is not fraudulent because its effect may be to delay other creditors.

2. ——: ——. Nor is it fraudulent if the debtor intended, when he made the conveyance, that it should have that effect, provided the preferred creditors did not participate in the fraud.

3. ——: ——. But quite another proposition is presented in the attachment suit, based on the ground of a fraudulent conveyance: the charge of fraud is levied against the debtor, and not against both debtor and preferred creditor; it is the intent of the debtor in making the conveyance at issue, and if that is found to be fraudulent the attachment should be sustained.

4. ——: ——: INSTRUCTION. An instruction is erroneous which is not applicable to the theory on which a case is tried.

5. ——: ——: ——: FRAUDULENT CONVEYANCE. Where it is alleged that a fraudulent conveyance has been made it is wholly immaterial what amount of property the grantor may have retained; the fact that he has made one conveyance with the fraudulent intent to hinder or delay his creditors is sufficient to sustain the attachment.

*Appeal from the Newton Circuit Court.*—HON. JNO. C. LAMSON, Judge.

AFFIRMED.

A. V. DARROCH and JOE FRENCH for appellant.

The defendant would have been permitted to deed all his property to his wife if he had been out of debt

and nobody wronged thereby. Payne v. Stanton, 59 Mo. 158; Lyonberger v. Baker, 88 Mo. 447; Mittelburg v. Harrison, 11 Mo. App. 136; Bank v. Overall, 16 Mo. App. 510. To the giving of the third instruction asked for by the plaintiff, we think the court undoubtedly committed reversible error. This instruction tells the jury that although it believes from the evidence that the deed executed by defendant to Withers and from Withers to defendant's wife, were made to pay a *bona fide* debt due from defendant to his wife, and that his wife acted in good faith in accepting such deed, yet if the jury believe from the evidence that any part of defendant's idea was to hinder, delay or defraud his creditors, or to cover up his property from them, then the jury should find the issues for the plaintiff. This instruction was prejudicial and does not contain the law. Instructions one and two were bad for the same reasons. Gens & Tiede v. Hargadine & Co., 56 Mo. App. 245; Redpath Bros. v. Lawrence, Manning & Cushing, 42 Mo. App. 101. Fraudulent intent on the part of the debtor alone is not enough to defeat a preference in favor of a creditor. It must be shown that the latter was a party to the fraud or participated in it. Nat. Tube Works Co. v. Ice Machine Co., 118 Mo. 365. When fraud is charged plaintiff must recover on particular fraud charged. Mateer v. R. R., 105 Mo. 320. As to married woman's separate property and doctrine of estoppel in such cases, see Seay v. Hesse, 123 Mo. 456; Alkire Grocery Co. v. Ballenger, 137 Mo. 369.

T. M. ALLEN and PEPPER & STEELE for respondent.

Instruction numbered 10, asked by defendant and refused by the trial court, does not contain a correct

proposition of law. The fact that a debtor who fraudulently disposes of a part of his property is solvent will not defeat an attachment. Bank v. Lumber Co., 59 Mo. App. 317; Bank v. Powers, 134 Mo. 432; Bank v. Lumber Co., 68 Mo. App. 81. The learned counsel for defendant criticises instruction number 3, and he insists that it does not declare a correct principle of law, and was prejudicial to defendant, but he fails to point out in what particular it was prejudicial, nor does he give any legal reason, or cite any authority, which is applicable, in support of his criticism. This instruction has been approved by both the court of appeals and supreme court. Stewart v. Cabanne, 16 Mo. App. 517; Enders v. Richards, 33 Mo. 598. Where a fraudulent intent exists on the part of the debtor at the time he conveyed his property, the intent of the vendee is generally immaterial. Shinn on Att., sec. 111; Waples on Att. [2 Ed.], sec. 70; Drake on Att. [6 Ed.], sec. 74. If a wife permits her husband to take title to her lands, and to hold himself out to the world as the owner of the same, and to contract debts upon the credit of such ownership, she can not afterward by taking title to herself, withdraw such lands from the reach of creditors, and defeat their claims. Bank v. Hamilton, 34 N. J. Eq. 162; Humes v. Scruggs, 94 U. S. 27; Wait on Fraudl. Conv. [2 Ed.], sec. 305, and cases cited.

BLAND, P. J.—Suit by attachment on promissory note. By amended affidavit plaintiff stated as a ground for attachment that the defendant had fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors. Defendant put in a plea in abatement to the attachment, which on a trial before a jury was found against him. He filed his motion for new trial, which was overruled, and after judgment

for plaintiff on the merits defendant duly appealed from the whole case.

The evidence disclosed the fact that the defendant a short time before the commencement of the suit was the owner of a seventy-four acre farm, situated in Barry county, and valued at from $5,000 to $7,000; that he also owned several houses and lots in the city of Monett in said county, and a number of vacant lots, estimated to be worth from $1,500 to $2,500. Some of these houses and lots were encumbered by deeds of trust. About January 10, 1896, defendant and wife conveyed all of this real estate to one T. P. Withers for an express consideration of $10, and on January 31, 1896, T. P. Withers conveyed all the property to Martha J. Russey, the wife of defendant for the express consideration of $10. The object of these two conveyances, as testified to by both defendant and his wife, and as the transaction itself shows, was to pass the title from defendant to his wife. On the part of the defendant the testimony of defendant and his wife was to the effect that they were married in 1880; that defendant had only a team and wagon at that time; that the wife owned a small farm worth $600, and which they sold for $600; that they purchased another farm for $1,800, the father of Mrs. Russey furnishing $1,000 of the purchase money; they sold this farm for $1,800, and loaned the money at ten per cent for one year. About the time this was due the parents of Mrs. Russey died, and she received about $4,500 as her share of her father's estate; that the home place of her parents was then purchased by her and her husband for $7,000, which they afterward sold for $7,100, the purchaser assuming also the payment of a $2,500 mortgage on the place; they then came to Monett in 1888 and bought the seventy-four acres farm attached and thereafter the other property

EVIDENCE.

in the town of Monett from time to time; that outside of the property conveyed to his wife, the defendant had other real estate and personal property sufficient to pay all of his indebtedness. Defendant objected to the competency of Mrs. Russey as a witness, when she was called by the plaintiff for the purpose of proving the whereabouts of the deed from Withers to her; the court overruled the objection; defendant complains of this error; he waived it by recalling Mrs. Withers as a witness and examining her on the whole case and thus making her his witness. The court gave the following instruction for the plaintiff, over the objections of defendant, to wit:

"The court instructs the jury that although they may believe from the evidence that the deed executed by defendant to Withers and the deed executed by Withers to defendant's wife were executed for the purpose of paying a *bona fide* debt due from defendant to his wife, and although his wife acted in good faith in accepting the deeds, yet if the jury believe from the evidence that any part of the defendant's idea was to hinder, delay or defraud his creditors, or to cover up his property from them, then the jury will find the issues for the plaintiff."

The contention is that the instruction is erroneous because it authorized the jury to find the issues for plaintiff, if they found that any part of defendant's intent was to hinder, delay or defraud his creditors, and notwithstanding the conveyance was made to pay an honest due from the defendant to his wife, and notwithstanding the fact that she did not participate in the fraud. This contention would be good if the contest was between the creditors of the defendant and Mrs. Russey. A conveyance made by a debtor in fail-

FRAUDULENT con-
veyance: what
constitutes.
ing circumstances to secure an honest debt, to one or more of his creditors, to the exclusion of other creditors, is not fraudulent because its effect may be to delay those other creditors, nor is it fraudulent if the debtor intended when he made the conveyance that it should have that effect, provided the preferred creditors did not participate in the fraud.   Dougherty v. Cooper, 77 Mo. 529; Shelley v. Boothe, 73 Mo. 74; Albert v. Besel, 88 Mo. 150; Saxton v. Anderson, 95 Mo. 373; Baker v. Harvey, 133 Mo. 653; Kincaid v. Irvine, 140 Mo. 615.   But quite another proposition is presented in the attachment suit, based on the ground of a fraudulent conveyance; the charge of fraud is levied against the debtor, and not against both debtor and preferred creditor; it is the intent of the debtor in making the conveyance that is at issue, and if that is found to be fraudulent the attachment should be sustained.   Nat. Tube Works Co. v. Machine Co., 118 Mo. loc. cit. 375; Enders v. Richards, 33 Mo. 598; Stewart v. Cabanne, 16 Mo. App. 517.   The defendant complains of the action of the court in refusing to give the following instruction asked by him, to wit:

"The court instructs the jury that if you believe from the evidence that at the time of the conveyance

INSTRUCTION.
of the property in January, 1896, by the defendant Russey to his wife, he reserved and held in his own name a sufficient amount of property to pay his honest debts, then such conveyance to his wife was not in fraud of his creditors, and your verdict should be for the defendant."

This instruction is not applicable to the theory upon which this case was tried.   Such an instruction can only be applicable where the conveyance alleged to be fraudulent was a voluntary one, but made in good faith by the grantor, and who has reserved

sufficient property to pay all his creditors. This case was tried upon the theory that the conveyance from the defendant to his wife was made with the fraudulent intent to hinder and delay his creditors, that is, that the conveyance was fraudulent in fact. In such a case it is wholly immaterial what amount of property the grantor may have retained; the fact that he has made one conveyance with the fraudulent intent to hinder or delay his creditors, is sufficient to sustain the attachment. Bank v. Powers, 134 Mo. 432; Bank v. Lumber Co., 68 Mo. App. 81; Glacier v. Walker, 69 Mo. App. 288. The instructions given presented the case fairly to the jury and we affirm the judgment. All concur.