AMERICAN NATIONAL BANK of Kansas City, Respondent, v. THORNBURROW & STONE, Appellant.

Kansas City Court of Appeals, November 28, 1904.

1. **TRIAL AND APPELLATE PRACTICE: Attachment: Abatement: Bill of Exceptions.** In an action by attachment the statute does not require that proceedings on the merits be stayed until the defendant has filed his bill of exceptions to the trial on the plea in abatement; and where he appeals from the whole case he makes one bill of exceptions which includes alike all exceptions to the trial on the plea in abatement on the merits.

2. **FRAUDULENT CONVEYANCES: Disposition of Property: Solvency: Instruction.** The debtor can make a voluntary disposition of a substantial part of his estate and this will not of itself constitute fraud, unless he is at the time insolvent, and an instruction set out in the opinion is condemned.

3. ——: ——: **Burden of Proof.** As to existing creditors a voluntary conveyance without actual fraud is not *per se* fraudulent, but the onus is cast upon the grantor to show he had ample means to meet all his indebtedness; the mere fact that the grantor subsequently became insolvent will not affect the conveyance where the causes of insolvency did not exist at the time of the conveyance.

4. ——: ——: ——: **New Trial.** Suggestions in regard to evidence and instruction on a new trial are offered.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED AND REMANDED.

*E. Wright Taylor* for appellant.

(1)   The court erred in sustaining respondent's motion for judgment on the pleadings. R. S. 1899, sec. 407; Alexander v. Wade, — Mo. App. —.  (2) The court erred in overruling and denying appellant's motion for a new trial of the issues on the plea in abatement.

*Scarritt, Griffith & Jones* for respondent.

(1)   By section 728 of the Revised Statutes of Missouri, it is expressly provided that exceptions may be filed within such time after the term as the court may by an order, entered of record, allow.   Richardson v. A. & M. Assn., 156 Mo. 407.   The case of Wade v. Wade cited by appellant is no authority for his contention, but rather supports the position of respondent. (2)   There was no motion filed by appellant in arrest of the judgment upon the issues raised on the plea in abatement.   The appellant does not assign any such error in his assignment of errors.   The case of Rothschild v. Lynch, 76 Mo. App. 354, to which appellant has called the court's attention, is conclusive authority on this point.   (3)   Plaintiffs' instructions taken in connection with defendant's instructions are not subject to any just criticism.   They submitted the case fairly to the jury.   Beland v. Brewing Assn., 157 Mo. 593; Smithers v. Boeke, 2 Mo. App. 499; Glascock v. Meses, 11 Mo. 655; Kickendoll v. Hartsteck, 58 Mo. App. 237; Swinford v. Teejorden, 159 Mo. 635; Hall v. Goodinglet, 138 Mo. 576; State to use v. Bevart, 37 Mo. 500; Baldwin v. Whitcomb, 71 Mo. 651; Snell v. Harrison, 104 Mo. 158.

BROADDUS, J.—The plaintiff sued to recover judgment on two notes executed by the defendants as partners, and sued out at the same time a writ of attachment against their property. Defendant Thornburrow made default. Defendant Stone filed a plea in abatement to the attachment and an answer to the merits, admitting the indebtedness.

The affidavit alleged six grounds for the attachment. The first five charged defendants with fraudulently conveying, concealing or disposing of their property and effects so as to hinder or delay their creditors; the sixth was that the debt sued for was fraudulently contracted on the part of the debtors. The issue on the plea in abatement was tried at the January term, 1903, of the circuit court. The verdict and judgment was rendered on the 6th day of February of said term, and was in favor of plaintiff. On February 10 Stone filed a motion for new trial. On the 11th of said month plaintiff filed its motion for a judgment on the pleading for the debt sued for. On March 16, during said term, defendant's motion for new trial upon the plea in abatement was overruled. Thereafter on the 21st of March, during the term, plaintiff's motion coming on to be heard, the same was sustained and judgment rendered on the merits of the case for the debt in suit. On March 26 defendant Stone filed his motion for new trial upon the merits of the case. On March 28 time was given him until July 1, 1903, to prepare his bill of exceptions. On the 18th of April defendant's motion for new trial on the merits of the case was overruled, as was his motion in arrest of judgment.

One of the points made for reversal is the action of the court in rendering judgment before defendant filed his bill of exceptions to the trial on the plea in abatement. Under section 407, Revised Statutes 1899, defendant was only entitled to appeal on the whole

case. He was required, however, to file his bill of exceptions to the trial on the plea in abatement, just as a litigant might file a bill of exceptions to the action of the court at any time during the trial of any other cause. But there is nothing in the statute to indicate that the proceedings were to be stayed on the merits of the case until he filed such bill of exceptions. When a litigant appeals from the whole case he makes his bill of exceptions which also includes his exceptions on the trial of the plea in abatement, and which makes one bill. The trial of the plea in abatement is but a preliminary step in the cause. The case of Alexander v. Wade, — Mo. App. —, is not authority for defendant's contention.

There was evidence tending to support the grounds of the affidavit, a part of which, it is claimed, tended to show that defendant Stone had appropriated some of the partnership assets to the purchase of real estate, the title to which was taken in the name of his wife. It was admitted that the partnership was insolvent in January, 1901. The following instruction given on behalf of plaintiff is assigned as error: ''The court instructs the jury that if you believe from the evidence the firm of Thornburrow & Stone, or the defendant Stone, after the indebtedness sued on in this case accrued, diverted a substantial amount of the firm money or assets to make payment on real estate, the title of which is taken in the name of the defendant Stone's wife, and that she did not contribute any part of the purchase price of said land from her own funds, then such application constituted a fraudulent assignment of property or effects and your verdict should be for the plaintiff.''

As an abstract proposition the instruction is not law. A debtor may make a voluntary disposition of a substantial part of his estate and still have enough left to satisfy the demands of existing creditors. They would not in such case be defrauded. But it is other-

wise in case he should be insolvent, as it would in its very nature be fraudulent as to such creditors. The defendant Stone admitted that in January, 1902, the partnership was insolvent; but it appears that the house in question was bought in January, 1901, a year prior to the date of admitted insolvency. It was, therefore, a question of fact for the jury to decide whether at the time of the purchase of said house with the assets of the firm, the partnership was in fact insolvent.

The law is, that even as to existing creditors a voluntary conveyance without actual fraud is not *per se* fraudulent. But when it is shown to be voluntary the onus is cast upon the party seeking to sustain it to show that the grantor had ample means left to meet all his indebtedness. The mere fact that the grantor subsequently becomes insolvent, not produced by causes existing at the time of the conveyance, will not affect the conveyance. [Johnson v. Murphy, 79 S. W. Rep. 909; Walsh v. Ketchum, 84 Mo. 427; Hoffman v. Nolte, 127 Mo. 120; Fehlig v. Bush, 165 Mo. 144.]

It is a part of defendant Stone's contention that the money alleged by plaintiff to have been diverted from the firm assets in part payment of Mrs. Stone's house, was not, in point of fact, assets of the firm, but that it was money borrowed from sources wholly independent of the bank and was wholly disconnected from the indebtedness in controversy. We do not know how this may appear on retrial, but if there is evidence believed by the jury which tends to support such contention, the jury should be instructed to find that issue for defendants.

We find no other error in the case. For the error in giving said instruction the cause is reversed and remanded. All concur.