## J. A. HENDRICK v. THE STATE.

### No. 3042.   Decided November 30, 1904.

**1.—Local Option—Charge of the Court—Intoxicating Character.**

Where from the evidence it became the most material question whether the liquid sold by defendant in local option territory was intoxicating, it was reversible error for the court to refuse to submit a requested charge to the jury on this phase of the case.

**2.—Conduct of Prosecuting Attorney—Experiments Before Jury.**

It was reversible error for the county attorney, in the absence of defendant and his counsel, during recess to conduct experiments before the jury as to the intoxicating character of the liquid sold by defendant, the matter being properly presented by bill of exceptions for review.

**3.—Same—Agreement of Counsel—Practice Criticised.**

Where the county attorney in open court assured defendant's attorney that he would not introduce any further evidence to sustain the fact that the liquid sold by defendant was intoxicating, and defendant thereupon discharged his witnesses by whom he could have proved the contrary theory, whereupon the county attorney subsequently introduced a witness and was permitted to prove the intoxicating quality of the said liquid.  Held that such practice should not be tolerated although it is not decided that defendant, not having applied for a continuance, has ground for reversal.

Appeal from the County Court of Rusk.  Tried below before Hon. W. W. Moore.

Appeal from a conviction of violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The State introduced testimony that an analysis of the liquid sold by defendant, commonly known as Malt Extract contained 5.5 and 5.6 per cent. of alcohol and the opinion of professional physicians and surgeons that any beverage containing more than three per cent. of alcohol was capable of producing intoxication, when drunk in practical quantities as a beverage.

The defendant introduced a number of witnesses who had drank the liquid in quantities from two to ten bottles and that it did not produce intoxication.  The question as to whether the liquid sold by defendant was intoxicating was the only material question in the case.

*R. T. Brown* and *Buford & Buford,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law.  The facts show it was a beverage called "Malt Extract."  One of the most material, if not the most material question in the case was, whether the liquid sold was intoxicating.  Without analyzing the testimony or deciding the question as to whether there was sufficient evidence to justify the verdict in this respect, we are of opinion the court should have submitted that issue to the jury.  This he failed

to do, and appellant requested a special instruction in writing, which was refused. This matter was properly reserved in bill of exceptions as well as in motion for new trial. It was error to refuse the special instruction, especially so when the court failed to instruct the jury in regard to this matter.

Appellant's testimony was introduced through quite a lot of witnesses to the effect that it was not intoxicating. Most of them, it seems, by actual experiment with malt extract, even to the extent of drinking eight or ten bottles of it, had tested its intoxicating qualities.

During the trial, and in the absence of appellant and his counsel, the county attorney, in the presence of some of the jury, during the noon recess, obtained from the clerk of the court an ounce bottle, brought it into the court room, poured the contents in the bottom of a chair, touched a lighted match to it, and it burned. This bottle contained the result of an analysis of a couple of bottles of malt extract. The court expostulated at the time with the county attorney for this conduct, and informed him he should not have done it. But the matter seems to have ended there, and appellant excepted. The jury were not instructed to disregard it. It was done in the absence of defendant and his counsel. This was error.

When the State had rested its case and part of the testimony for defendant had been introduced, his counsel asked State's attorney if he would introduce any more evidence to sustain the fact that the liquid was intoxicating. The county attorney promptly assured him that he would not. Counsel for defendant then stated to State's attorney, in the presence of the court, in that event he would discharge the remainder of his witnesses who were there and would testify that the liquid was not intoxicating, such being the facts he would prove by said witnesses. Upon the assurance of the county attorney that he would introduce no more testimony along that line these witnesses were excused and went away. Subsequently State's attorney put on the witness Cousins, and was permitted by the court to prove by him that the liquid, in his judgment was intoxicating. Exception was reserved to this. This character of practice should not be tolerated by the court; and it may not be necessary, as the case will be reversed on other grounds, to decide whether or not appellant has placed himself in the attitude for reversal upon this ground, because no application for continuance was made at this point. Matters of this sort have been condemned by the appellate courts of this State. March v. State, 44 Texas, 64; Eldridge v. State, 12 Texas Crim. App., 208; Lindley v. State, 11 Texas Crim. App., 283.

The other matters are not discussed, as they will not arise upon another trial. For the errors suggested, the judgment is reversed and the cause remanded.

*Reversed and remanded.*