MARY E. STAR, Appellant, v. ARTHUR H. PEN-
FIELD et al., Respondents.

**Kansas City Court of Appeals, June 17, 1912.**

1. **EQUITY: Burden of Proof: Voluntary Disposition of Property:
Solvency.** Where in an action in equity to subject shares of
stock belonging to the wife, to the payment of a judgment
against the husband, it was shown that the husband had made
a voluntary disposition of his property, the burden of proof is
cast upon him to show that at the time he was solvent and
could make such disposition without impairing his ability to
pay his debts.

2. ————: **Voluntary Conveyance: Fraudulent as to Creditors.
Burden of Proof.** A voluntary conveyance is presumptively
fraudulent as to existing creditors and the burden of proof is
on the donee to repel such presumption and to show that the
donor had sufficient means to meet his liabilities.

Appeal from Buchanan Circuit Court.—*Hon. L. J.
Eastin,* Judge.

REVERSED AND REMANDED.

   *W. K. James* for appellant.

   *C. C. Crow* for respondents.

   BROADDUS, P. J.—This is a suit in equity to
subject forty-nine shares of stock of the Marchants'
Improvement and Investment Company, belonging to
Anna A. Penfield, the wife, to the payment of plain-
tiff's judgment against her husband, Arthur H. Pen-
field.

   The petition alleges that on the 5th day of May,
1903, she loaned to the defendant Arthur, $4000, for
which he executed to her his promissory note, which
was surrendered to him on the 5th day of November,
1906, and a new note taken for said sum with accrued
interest; that at the January term of the Buchanan

County Circuit Court for the year 1909, she obtained judgment on said note and interest in the sum of $4466.67, together with the cost of the suit, on which judgment she sued out an execution directed to the sheriff of said county and a further execution issued to the sheriff of Jackson county, each of which was returned not satisfied; and no part of said judgment has been paid, as the said Arthur has no property out of which any part of the same can be realized by law. The petition further alleges that at the time said loan was made to the said Arthur he and the defendant Anna A. were husband and wife; that at the time of said loan the said Arthur was insolvent and has so continued up to this time; that at the time she loaned the said sum of money to the said Arthur, his wife, Anna, was the owner of forty-nine out of 100 shares of stock in a corporation known as the Merchants' Improvement and Investment Company; and that with the fraudulent intent to defraud plaintiff the said Arthur invested the said $4000 borrowed from her as aforesaid in the property of his wife owned in said company, he being at the time insolvent as aforesaid.

There are other allegations in the petition which for the purposes of the main point of the controversy and the one on which the court made its finding, are not necessary to be set out in this opinion. The evidence disclosed that plaintiff is the sister of defendant Arthur, and had on deposit on the 5th of May, 1903, over $5000 in the Bank of Commerce at St. Joseph, Missouri, of which he was president; and we think it was sufficiently shown that the money he borrowed from plaintiff at that date he invested in his wife's property in said company.

The plaintiff introduced some evidence tending to show that defendant Arthur was insolvent when he invested the money, borrowed from plaintiff, to the betterment of his wife's estate. But this evidence was slight and consequently of little probative force. The

court found against the plaintiff on the ground that she had failed to prove the insolvency of defendant Arthur at the time he invested said money in his wife's estate.

It is insisted by plaintiff, that, having shown that defendant Arthur had made a voluntary diposition of his property, the burden was cast upon him to show that at the time he was solvent and could make such disposition without impairing his ability to pay his debts. It is held, that, a voluntary conveyance is presumptively fraudulent as to existing creditors, and the burden of proof is on the donee to repel such presumption. [Walsh v. Ketchum, 84 Mo. 427.] "The burden is on the donee in a voluntary conveyance to show that the donor had sufficient means to meet his liabilities, otherwise the deed will be void as against creditors." [Snyder v. Free, 114 Mo. 360.] And it is so held in Bank v. Thornburrow & Stone, 109 Mo. App. 639; Vandeventer v. Goss, 116 Mo. App. 316; Scharff v. McGaugh, 205 Mo. 344. Such being the law, the court was in error in holding plaintiff to show that defendant Arthur was insolvent at the time he made the voluntary disposition of his means by investing them in his wife's estate. Although plaintiff assumed to a certain extent the burden of so showing, still, we do not think in a case like this where, if the allegations of the petition be true, there is so strong an appeal to the conscience of the court for relief, the plaintiff should suffer merely because she had unwillingly assumed a burden which the law imposed upon the defendants.

After the court had heard all the evidence in the case and had announced its finding, the plaintiff made an ineffectual and untimely effort to obtain a new trial on the ground that she could show defendant's insolvency if afforded an opportunity to do so. But, as the court refused to consider the offer, the matters urged in that respect are not necessary to be considered. As

the case is here on a motion for a new trial, timely
filed, the record as made is before us for adjudication.

We do not feel satisfied with the finding of the
trial court because of the error in holding that the
burden was upon the plaintiff to prove the husband's
insolvency. On a new trial the plaintiff will be held to
prove to the satisfaction of the court that defendant
Arthur employed his own money to the betterment of
his wife's estate, which, if so shown, the defendants
will assume the burden of showing that the said Ar-
thur was solvent at the time. Reversed and remanded.
All concur.