ESTATE OF JOHN A. FIELDS, FANNIE E. FIELDS, EXECUTRIX, APPELLANT, v. ESTATE OF JOSEPH M. HENDERSON, CHARLES P. MC-CAFFREY, ADMINISTRATOR, RESPONDENT.*

Kansas City Court of Appeals. April 2, 1928.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 389, p. 549, n. 21; section 1090, p. 1080, n. 11; 4CJ, section 1739, p. 130, n. 13; section 1811, p. 212, n. 49; section 1827, p. 225, n. 45, 50-51; Attachment, 6 CJ, section 4, p. 31, n. 14; Venue, 40Cyc, p. 176, n. 84.

*A. F. Harvey* and *Shinabarger, Blagg & Ellison* for appellant.

*Ellis G. Cook* for respondent.

FRANK, C.—This suit was instituted in the circuit court of Nodaway county by John A. Fields against Joseph M. Henderson, to recover for breach of warranty in a warranty deed. An attachment was sued out in aid of the suit and certain real estate was attached. Summons and writ of attachment were duly served on defendant Joseph M. Henderson.

During the pendency of the suit in the trial court, both parties thereto died and the cause was revived in the name of their legal representatives.

On October 4, 1926, defendant filed a plea in abatement to the attachment. On February 5, 1927, the plea in abatement was tried in the Nodaway circuit court, and a verdict rendered in favor of defendant. In due time plaintiff filed a motion for new trial, which was overruled on February 10, 1927, and judgment rendered in favor of defendant dissolving the attachment. Whereupon defendant filed answer and counterclaim to the merits, to which plaintiff filed reply. Again on February 10, 1927, plaintiff duly filed bill of exceptions, and on the same day, the venue of said cause, on application of plaintiff, was changed to the circuit court of Gentry county. On April 2, 1927, said cause was tried on the merits in the circuit court of Gentry county and a judgment rendered in favor of plaintiff for $5212.

In due time plaintiff filed in the circuit court of Gentry county, affidavit for appeal from the judgment on the plea in abatement, and said court duly granted plaintiff an appeal to this court from the judgment on the plea in abatement.

At the threshold of the case we are confronted with respondent's motion to dismiss the appeal herein on the ground that the circuit court of Gentry county had no jurisdiction to grant an appeal from

the judgment on the plea in abatement rendered by the circuit court of Nodaway county.

Section 1766, Revised Statutes of Missouri 1919, relative to attachments provides the following:

"Upon such issue the plaintiff shall be held to prove the existence of the facts alleged by him as the ground of the attachment, and if the issue be found for him, and the court denies defendant a new trial of said issue, judgment shall be rendered against defendant, sustaining the attachment, and for the costs of the attachment proceedings, and the defendant may file his bill of exceptions as upon any other matter in the proceedings, and answering to the merits shall not be a waiver of such exceptions, and the cause shall proceed to trial upon the merits; and if upon the trial of such issue the finding be for the defendant, and the court denies plaintiff a new trial of such issue, the court shall thereupon render judgment that the attachment be abated at the costs of the plaintiff and his sureties, and thereupon the plaintiff may file his bill of exceptions as upon any other matter in the proceedings, and the cause shall proceed to trial upon the merits, and the filing of his bill of exceptions by plaintiff shall preserve the attachment in full force. Upon the trial of the case upon the merits, either party may appeal— the plaintiff from the finding on the plea in abatement, or on the merits, as he may elect, or both; the defendant, if at all, on the whole case."

Under the provision of this statute, an appeal may be taken from either the judgment on the plea in abatement, or the judgment on the merits or both, yet the entire proceedings is but one case and the determination of the plea in abatement is but a preliminary step in the cause. [Link v. Hathway, 143 Mo. App. 502, 509, 127 S. W. 913; Bank v. Thornburrow & Stone, 109 Mo. App. 639, 642, 83 S. W. 711; Mathewson v. Larson-Myers Co., 209 S. W. 294.] Although an appeal may be taken from the judgment on the plea in abatement, such appeal cannot be taken until after judgment on the merits. [Mathewson v. Larson-Myers Co., supra, and cases cited; Crawford v. Armstrong, 58 Mo. App. 214; Hull v. Beard, 80 Mo. App. 200; Laun v. Pfister, 60 Mo. App. 629; Castleman v. Harris, 86 Mo. App. 270.]

An attachment is not an independent action, but is ancillary to or in aid of the cause of action stated in the petition. Of this question, the St. Louis Court of Appeals in Frank v. Siegel, 9 Mo. App. 467, 468. said:

"The writ of attachment is not a form of action. It is not a suit either at law or in equity. It is a mere aid, by which the defendant or his property, or both, may be brought into court to abide the result of the litigation."

This holding is in line with the statute which prevents an appeal from the judgment on the plea in abatement before judgment is rendered on the merits.

From what is above said it seems clear that the facts stated in plaintiff's petition constitute the only cause of action in this case. The attachment is only ancillary to or in aid of the cause of action stated in the petition. This being true, it logically follows that when the venue of said cause was changed from the circuit court of Nodaway county to the circuit court of Gentry county, the latter court acquired jurisdiction of the attachment, because such attachment was not an independent cause of action, but was merely incidental to or in aid of the cause of action stated in plaintiff's petition and of necessity would go with such cause of action to the Gentry county circuit court.

In the case of Garrett v. Limes, 294 S. W. —, the judgment was in favor of plaintiff on both the plea in abatement and on the merits. In disposing of defendant's contention that there should have been two appeals in the case, the court said:

"The trial of the plea in abatement is but a preliminary step in the case, though a separate motion for new trial may be filed therein and a separate or term bill of exceptions may be filed therein. There is, however, only one bill of exceptions in the case. [Bank v. Thornburrow & Stone, 109 Mo. App. 639, 642, 83 S. W. 771; Link v. Hathway, 143 Mo. App. 502, 509, 127 S. W. 913.]

"It follows that there can be only one appeal in this case, and not two as defendant seems to think, and of course there should be one abstract of the record, statement, and brief. The errors complained of may be as much or little as appellant desires to present, whether on the plea in abatement or the merits."

Applying the rule announced in Garrett v. Limes, supra, to a case where the same party recovers judgment on the plea in abatement in one court and, after change of venue, recovers judgment on the merits in another court and the losing party appeals, necessarily the appeal should be granted from both judgments, if requested, by the court rendering judgment on the merits, otherwise the losing party would be denied the right of appeal on one branch of the case, if there can be but one appeal.

The circuit court of Gentry county having acquired jurisdiction of the cause including the attachment, was authorized to grant an appeal from the judgment on the plea in abatement. For the reasons stated, plaintiff's motion to dismiss the appeal herein on the ground that the circuit court of Gentry county had no jurisdiction of the attachment proceedings, is not well taken and is, therfore, overruled.

When the plea in abatement was tried in the circuit court of Nodaway county and judgment thereon rendered in favor of de-

fendant, plaintiff filed motion for new trial and thereafter properly preserved the proceedings of said trial in a term bill of exceptions allowed and filed in said Nodaway circuit court. This was a proper proceeding because the trial of the plea in abatement was but a preliminary step in the cause, and as the case was not tried on the merits at that term of court, the only way the alleged errors in the trial on the plea in abatement could have been preserved was by a term bill of exceptions.

This term bill of exceptions should have been thereafter incorporated in a final bill of exceptions when the case was tried on the merits in the circuit court of Gentry county.

The rule applicable to this question is so well stated in Link v. Hathway, 143 Mo. App. 502, 508, that we quote therefrom the following:

"The proper practice is to prepare the bill of exceptions and have it approved by the judge of the court in which the abatement proceedings were had, and if a change of venue is taken on the merits, and the term bill of exceptions is filed before the change of venue, it should go with the transcript to the other court, and if filed after such transcript is forwarded, it must still be incorporated in the principal bill of exceptions by bringing it to the attention of the court settling the final bill. [Cantwell v. Lead Co., 199 Mo. l. c. 40, 97 S. W. 167.]

Plaintiff did not file a bill of exceptions in the Gentry county circuit court, where the case was tried on the merits. This appeal comes from the Gentry county circuit court but the bill of exceptions comes from the Nodaway county circuit court. It was entirely proper for the judge of the Nodaway county circuit court to allow and sign a term bill of exceptions in the trial of the plea in abatement in said court. In fact the judge of the Gentry county circuit court was not authorized to allow or sign such bill because he did not try the plea in abatement. [Cantwell v. Lead Co., 199 Mo. 1, 38, 39 and cases cited; Link v. Hathway, 143 Mo. App. 502, 508.] The fact that the law required the term bill of exceptions in the trial of the plea in abatement to be allowed and filed in the Nodaway county circuit court, where such plea was tried, did not excuse plaintiff from incorporating such term bill of exceptions in a final bill and having the same allowed and signed by the judge of the circuit court of Gentry county and filed in said court, where the case was tried on the merits. [Cantwell v. Lead Co., supra; Link v. Hathway, supra.]

The entire case including the attachment proceedings went on change of venue to the circuit court of Gentry county. This appeal is from Gentry county circuit court and we cannot consider a bill of exceptions filed in the Nodaway county circuit court unless

such bill, by proper proceedings has been made a part of the record of the case in the Gentry county circuit court. We must, therefore, hold that there is no bill of exceptions in this case. This conclusion limits us to a consideration of the record proper against which no complaint is made. We have, however carefully examined such record and do not find reversible error therein.

The judgment is accordingly affirmed. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.