BATES COUNTY BANK, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 2, 1903.

1. **Evidence: FIRES: CONJECTURE: VERDICT.** A verdict founded upon mere conjecture or possibilities or probabilities, however reasonable, will not be permitted to stand; and courts should draw with a firm hand the line between evidence and reasonable deduction on the one hand, and mere conjecture and speculation on the other.

2. ———: ———: PRIMA FACIE CASE. The evidence relating to the setting out of fire by a railroad engine is reviewed and held insufficient to support a verdict.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED.

*R. T. Railey* for appellant.

(1) There is an entire failure of proof, to the effect that defendant's locomotive which passed about 11:30 on July 11, 1900, emitted at that time any smoke,

sparks or fire.    (2) There is not a syllable of evidence
to the effect that said locomotive was defective, or that
at any time or on any occasion, in passing from Nyhart
to said road crossing, it emitted any sparks or fire.    (3)
The evidence shows it was slightly up grade from Ny-
hart to said crossing a portion of the way, but it no-
where shows that on the day of the fire or at any other
time it was necessary in passing between said points,
for the engine to work steam, and without which no
sparks could possibly have escaped.    (4) There was an
utter failure of proof upon the part of plaintiff, to the
effect that any fire or smoke was ever seen between de-
fendant's track and said stacks prior to the time when
plaintiff's stacks were discovered to be on fire.    (5)
There was not a word of evidence to the effect that said
stacks were not on fire before defendant's train passed.
(6)    There was an entire failure of proof to the effect,
that some one had not passed along the railroad track
with a lighted match or cigar, after the train passed,
and after Chipps and Scoles had passed along said
roadway.    (7) There was likewise an entire failure of
proof, to the effect, that no one had passed along said
roadway after Chipps and Scoles went by, who could
have set out the fire.    (8) There was an entire failure
of proof to the effect, that there were no tramps or other
persons loafing around said stacks with fire, and who
may have burned the same after Chipps and Scoles
went by.    (9) We therefore insist that this case, even
if determined by conjecture, and giving the plaintiff
the benefit of all doubts, precludes a right of recovery
herein.    Moore v. Railroad, 28 Mo. App. 622; Peck v.
Railroad, 31 Mo. App. 125; Glick v. Railroad, 57 Mo.
App. 105; Perkins v. Railroad, 103 Mo. 52; Megow v.
Railroad, 56 N. W. 1100.

*Smith & Denton* for respondent.

(1)    The defendant having tried this case in the
court below upon the theory that the plaintiff in the

case should show the conditions that had existed at the place where the fire occurred and that the jury should determine whether or not the fire in question might have been communicated from defendant's passing train and that the plaintiff should not be permitted by the testimony of people who had observed the progress of fire under similar conditions to prove that the fire in question under the conditions existing might have crept along this private roadway for an hour before reaching the haystack and be unnoticed by a casual passer-by, can not now be permitted in this court to change its theory upon the case so tried in the court below and insist that there was no evidence justifying the finding of the jury as to the origin of the fire because the same did not appear in the haystacks one hundred and fifty feet away until about three-fourths of an hour after the train had passed. This court will not permit appellant to try his case here upon an entirely different theory from that upon which it was tried in the court below.   (2) The plaintiff in the case was not required to establish by direct and positive testimony the fact that the fire in question was caused by the defendant's engine, but only to prove the existence of such facts from which as a reasonable inference the fire in question could be traced in its origin to the defendant's engine.

BROADDUS, J.—The plaintiff sues for the value of a quantity of hay alleged to have been destroyed on the 12th day of July, 1900, by fire set out by one of defendant's engines while being operated on its line of railroad. The finding was for the plaintiff. The only question raised by the defendant is that the plaintiff failed to make a case.

It was shown that defendant's track passed east and west through a station named Nyhart on to the town of Butler, and within one hundred and fifty feet of plaintiff's ricks of hay; that south of defendant's

right of way there was a green hedge fence about fifteen feet high; that about twenty-five or thirty yards east of where the hay was stacked was a private roadway passing north and south over defendant's track and which was used by the farmers of the neighborhood in hauling hay from the bottom lands to their respective farms; that within a short time previous to the fire, some hay had been scattered along this roadway to the defendant's tracks; that on the day of the fire a mixed train of defendant's consisting of an engine, caboose, combination passenger coach, and some other cars, passed east through Nyhart going to Butler at about 11 o'clock a. m.; that the track from Nyhart to said roadway is on a slight grade; that at the time of the fire there was but a light wind; that when the smoke was first seen it was south of the hedge and extended upward for some distance and then gradually moved towards the south, and that the hay between the hayricks and where the roadway crossed the railroad track, and extending along said roadway a strip had been burned between said points. The witnesses agree that the fire was first discovered about one hour after the passage of defendant's train.

Witness J. I. Ehardt testified that he was about one-half mile northwest of the rick of hay at the time he first saw the smoke, at which time it was on the south side of the hedge, and that he did not see any smoke or fire between the railroad track and the hedge before this time.

A. A. Malone, a witness who saw the smoke while he was about a mile away, went to the place of the fire in two or three days afterwards. He testified that the fire had burned along the private crossing up to the end of the ties on the railroad.

Harrison Chipps testified that he lived about three-fourths of a mile from the place where the hay was destroyed; that in the forenoon of the day in question in company with one Abe Scoles he was west of Ny-

hart and saw defendant's train pass at 11:28 o'clock a. m.; that he was then on his way home; that in going home he passed through Nyhart and stopped there three or four minutes to hitch a hayrake to the rear end of his wagon; that he had some straw in his wagon and that he sat in front driving his team; that he met a Mr. Hensley near the hayricks in question and talked to him a minute or two, the time then being ten minutes to twelve o'clock m.; that he passed over the railroad on said private roadway and within thirty yards of said hay ricks; that he arrived at home and unhitched his team, fed them, ate his dinner, and immediately thereafter, while watering and feeding his hogs, he discovered the fire. He also stated that he did not notice the track that was burned between the ricks and the railroad until after everything was afire, at which time said track of fire had been burned out.

G. A. Scoles corroborated Chipps in every particular except as to the length of time they stopped and talked with Hensley. He testified that he was sitting on the rear end of the wagon with his face to the north, watching the hayrake; that he was looking down and that there was nothing to obstruct his view except said hayrake. He saw no smoke nor fire. He stated that the stack yard between the road and the ricks had not been burned off before he saw the fire on the ricks; but that in fifteen or twenty minutes afterwards he saw it was burned off.

For the purpose of showing that the progress of the fire from its inception was necessarily slow, plaintiff proved that the scattered hay in the road had been ground into the earth by passing teams and wagons. This was all the material evidence in the case.

The defendant contends that all the facts and circumstances did not raise the legitimate inference that the fire was caused by sparks thrown out by defendant's engine. From the evidence, it may be safe to conclude that the fire was not set out previous to the passage of

defendant's train, but about one hour afterwards, which circumstances, together with the fact that the hay that was scattered on said roadway from defendant's track to the hedge and a strip from there on to the hay ricks was burned, is all the testimony tending to show that the fire was set out by the defendant's engine.

In Peck v. Railroad, 31 Mo. App. 123, the plaintiff made out a stronger case than this, but the court held that he was not entitled to recover as there was no tangible evidence that defendant's engine had set out the fire, and no fact proved from which a reasonable deduction could be made to that effect, and that it could only be a matter of conjecture. In Moore v. Railroad, 28 Mo. App. 622, it was held: "A verdict founded upon mere conjecture of possibilities or probabilities, however reasonable, will not be permitted to stand." And in Glick v. Railroad, 57 Mo. App. 97, it was held, "that appellate courts will draw with a firm hand the line between evidence and reasonable deductions on the one hand, and mere conjecture and speculation on the other."

There were other facts and circumstances that must be taken in connection with that which we have noted as constituting the total of plaintiff's testimony upon which it claimed a verdict, viz.: The slight upward grade of defendant's track approaching the place in question; the entire absence of evidence that the train in question was a heavy one necessitating the exertion of more than ordinary power by the engine, usually resulting in sparks from the smokestack, or that it did emit such sparks. And further, the undisputed testimony of witnesses Chipp and Scoles, who passed along the private roadway over the scattered hay ten minutes or more after the passage of defendant's train, and stopping in the meantime to talk with Hensley in the proximity of the hay ricks, without seeing any smoke or fire, seems to rebut any inference, if any existed, that the engine set out the fire that destroyed plaintiff's hay.

The evidence of these two witnesses was not in conflict with the other evidence in the case, but is consistent with it in every respect. The plaintiff seeks to overcome the effect of their testimony on the ground that the fire may have escaped their attention as it must have been at that time in an incipient state and thereby overlooked. This may have been true, and it was possible, even probable, that such was the case, but the most reasonable conclusion is that if there had been a fire started in the hay ten minutes previous to the time mentioned, there would have been some visible evidence of its existence, especially in the way of smoke which, from the position of the witnesses, they would have more than probably seen. And if it be a matter of legitimate inference, the inference that the two witnesses would have seen the fire, if any had existed, is as strong as that of the plaintiff that it might have existed but was not noticed; and if the inferences are equal, the plaintiff was not entitled to recover. The preponderance must be in his favor.

For the reasons given we are of the opinion that defendant's instruction to find a verdict for the defendant should have been given, as the plaintiff did not make out a case sufficient to recover. The cause is therefore reversed. All concur.