# J. C. HARRIS, Appellant, v. R. E. LETNER, Respondent.

### St. Louis Court of Appeals, April 28, 1903.

Appeal: PLEA IN ABATEMENT, JUDGMENT ON: APPEAL DISMISSED. Suit by attachment against two parties to collect rent. Personal service as to one and constructive service as to the other. Judgment by default against party served by publication. The party served with personal process obtained judgment before the justice on his plea in abatement. The appeal was prosecuted from the judgment on the plea in abatement. A motion to dismiss the appeal in the circuit court was successful. *Held*, as no error in the ruling of the circuit court on the motion to dismiss was shown, the judgment dismissing the appeal was proper, for there can be no appeal from the judgment on the plea in abatement.

Appeal from Pemiscot Circuit Court.—*Hon. H. C. Riley*, Judge.

AFFIRMED.

*Faris & Oliver* for appellant.

(1) In answer to reasons numbered 4, 5 and 9, in respondent's motion to dismiss, it is conceded by appellant that no appeal can be taken by the plaintiff from a judgment rendered on a plea in abatement solely. In this case, however, there was a judgment both on the plea in abatement and the merits. The record shows that both a plea in abatement and an answer to the merits was filed by defendant. If permission had been granted by the court to amend the transcript of the justice, this would have shown it. Respondent's attorneys in presenting and arguing the motion, conceded these facts, and will not insist nor urge these reasons as grounds for sustaining the trial court. Therefore, these three reasons should be disregarded and stricken out of the motion.

*Hawkins & Hawkins* for respondent.

(1) No affidavit or amended affidavit was filed before the motion to dismiss was determined, nor was there any offer to amend as the law requires, nor was the costs paid. R. S. 1899, sec. 4072. (2) This was an appeal from a judgment in the justice court upon a trial had upon the plea in abatement, as to the defendant, Letner. Judgment was rendered against W. J. Lewis both on the attachment and on the merits, no interplea being filed in behalf of W. J. Lewis, plaintiff having dismissed in the circuit court as to Lewis. If he was in court or not, as the case may be, places the case in the circuit court upon an appeal from the judgment upon the plea in abatement in the case against Letner. Counsel for appellant admit that an appeal can not be taken from a judgment rendered on a plea in abatement. The motion should be sustained because plaintiff had voluntarily dismissed as to Lewis, and that left nothing before the court save and except the appeal on the plea in abatement in case against Letner. Counsel for respondent contend that Lewis was never in the circuit court. Judgment had been rendered against him in the lower court, both on the attachment and on the merits, and he had not appealed; but if he was in court when plaintiff dismissed as to Lewis, then the case was the attempted appeal on the Letner plea in abatement, and the court properly sustained the motion. R. S. 1899, sec. 407; Laws 1891, page 45; 25 Mo. App. 310; 56 Mo. App. 485; 57 Mo. App. 33; 58 Mo. App. 214; 74 Mo. App. 292; 80 Mo. App. 200.

GOODE, J.—As this action stood before the justice of the peace, where it originated, it was an attachment proceeding against two defendants; W. J. Lewis, the tenant of the plaintiff and R. E. Letner, a subtenant under Lewis. The purpose was to collect a debt of $250, the rental of one hundred acres of land in Pemiscot

county. The ground of attachment stated was that Lewis and Letner were removing the crops from the leased premises.

Constructive service on Lewis was obtained by publication and personal service on Letner. Lewis defaulted but Letner appeared and filed a plea in abatement; also a denial that he owned the plaintiff anything. Judgment was entered on both the attachment and the merits against Lewis and in favor of Letner on the plea in abatement. This much is agreed by both parties. But as to whether there was judgment on the merits in Letner's favor, there is a dispute—plaintiff contending there was and Letner that there was not.

Harris appealed to the circuit court and when the case come on for trial there, dismissed as to Lewis, pending the disposition of a motion filed by Letner to dismiss the appeal on various grounds. One of the grounds was a misjoinder of parties defendant, and another that the appeal was taken from a judgment in favor of Letner on the plea in abatement instead of on the merits.

The recital in the justice's transcript as to the judgment is well-nigh meaningless and supports one party's contention as well as the other's. In truth, we are unable to ascertain from the transcript whether there was a judgment on the merits in Letner's favor and an appeal from it or not. But the affidavit for the appeal establishes that it was taken from a judgment on the plea in abatement. Said affidavit reads as follows:

"Before J. L. Swails a justice of the peace of Pascola township, Pemiscot county, State of Missouri.

"J. C. Harris, plaintiff, v. Wm. J. Lewis and R. E. Letner, defendants.

"State of Missouri, county of Pemiscot, ss.

"J. W. Bader, agent for plaintiff, being duly sworn, upon his oath says that this application for an appeal is from the judgment of the justice *on the plea in abatement in the above entitled cause,* and that the

same is not made for vexation or delay, but because he believes the appellant is injured by the judgment of the justice.''

Plaintiff's counsel say in their brief that Letner's counsel will not deny the rendition of judgment by the justice against Letner on the merits; but in this assumption they are at fault; for in the brief for Letner it is positively asserted that plaintiff appealed only from a judgment on the plea in abatement.

Plaintiff's counsel likewise complain of the circuit court's ruling on the motion to dismiss as having been precipitately made pending an offer by them to have the justice amend his transcript; and they say that had their offer been allowed, the transcript would have been made to show that judgment for Letner was given on the merits.

The only amendments plaintiff's counsel asked the circuit court to allow, related to the bond and affidavit for attachment, both of which were imperfect. So far as the record apprises us, permission to have the justice's transcript amended was never requested.

Error in the ruling of the circuit court on the motion to dismiss has not been shown, as it must be to warrant a reversal; for it is conceded an appeal from the judgment on the plea in abatement did not lie.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.