# LEWIS LINK, Appellant, v. W. W. HATHWAY, Respondent.

### Springfield Court of Appeals, April 4, 1910.

1. **APPELLATE PRACTICE:** Transfer of Cause: Supplemental Abstract. While a cause was pending in the St. Louis Court of Appeals, respondent filed a motion to dismiss the appeal on account of defects in appellant's abstract. Before the motion was passed on, the cause was transferred to the Springfield Court of Appeals and appellant filed in the latter court, more than thirty days before the cause was set for hearing, a supplemental abstract curing the defects in his original abstract. *Held*, that the motion was well taken as to the original abstract, but as the defects were corrected by the supplemental abstract, which was filed in time, the motion was overruled.

2. ————: Practice: Attachment: Change of Venue. In an attachment suit, a trial on a plea in abatement resulted in a judgment for the defendant. After plaintiff's motion for a new trial was overruled, he filed a bill of exceptions and an affidavit for an appeal, the appeal to take effect when the cause had been tried on the merits. Subsequently, a change of venue on the merits was taken by plaintiff, and from the judgment on the merits plaintiff also appealed. In addition to the abstract of the proceedings on the merits, plaintiff filed an abstract on the attachment proceedings from the court in which the attachment feature was tried. *Held*, that the appeal taken by the plaintiff from the judgment of the court sustaining the plea in abatement is not permitted under the statute.

3. ————: ————: ————: Bill of Exceptions. In an attachment suit where a trial is had on a plea in abatement, and the losing party desires to appeal, the proper practice is to prepare the bill of exceptions and have it approved by the judge of the court in which the abatement proceedings were had and, if a change of venue is taken on the merits, and the term bill of exceptions is filed before the change of venue, it should go with the transcript to the other court, and, if filed after such transcript is forwarded, it must still be incorporated in the principal bill of exceptions by bringing it to the attention of the court settling the final bill.

4. **ATTACHMENT:** Sufficiency of Evidence: Failure to Pay Debts. In an attachment suit in a trial on a plea in abatement, although the evidence may show that the defendant had not paid

according to promise, or had offered to sell his property, this in itself will not justify the charge that he is fraudulently about to conceal, remove or dispose of his property so as to hinder or delay creditors.

5. ———: ———: **Fraudulent Conveyances.** On a trial on a plea in abatement in an attachment suit where the issue is whether or not a conveyance is fraudulent, fraud cannot be inferred from the mere fact that the defendant was insolvent or financially embarrassed at the time of making the trade.

6. ———: ———: **Change of Domicile.** At the trial on the plea in abatement in an attachment suit, the evidence to sustain the grounds that plaintiffs was about to remove out of the State, with intent to change his domicile, consisted of a declaration made by the defendant to the effect that he had purchased, with other parties, a tract of timber in another State, but that he did not expect to remove his family from his present abode. *Held*, not sufficient to sustain the charge.

7. **REFERENCE: Practice: Bill' of Exceptions.** If a party desires to have the action of the court referring the cause reviewed, he should file a bill of exceptions at the term when the order was made, and then embody that term bill of exceptions in his final bill of exceptions after the trial of the cause.

8. ———: ———: **Discretion of Trial Court.** Where some of the counts in the petition and counterclaims in the answer were properly referred, the action of the trial court in referring the other counts, along with the proper counts, is 'a matter of discretion, and not subject to review unless it was clearly abused.

9. ———: **Finding of Referee: Practice: Appellate Practice.** The finding of a referee on questions of fact is treated by the courts like the special verdict of a jury, and objections that the finding is not according to the preponderance of the evidence are not reviewable in the appellate court. It is only when the finding is without substantial evidence to support it that the appellate court will interfere, but it is the duty of the trial court to review the finding of facts made by the referee.

10. ———: ———: **Trial Court May Disregard.** In a case of compulsory reference where the referee makes his finding and returns the same to the court, together with a copy of all the evidence, the trial court may pass upon the evidence reported by the referee and make its own conclusions thereon without regard to the finding of the referee and, if the court's finding is supported by substantial evidence, it will not be disturbed by the appellate court.

11. **CONTRACTS: Lease of Mill: Agreement to Furnish Repairs: Damage by Fire: Parol Evidence.** Defendant leased plaintiff's sawmill, under the terms of which defendant agreed "to furnish repairs, ordinary wear and tear excepted." The mill was damaged by fire without fault of defendant. *Held,* that the terms of the contract were not clear, but so vague and indefinite as to permit the introduction of parol testimony and evidence of the circumstances surrounding the making of the contract, and that the evidence so introduced was sufficient to justify a finding that, under the terms of the lease, defendant was not bound to respond in damages for the burning of the mill.

12. **COSTS: Practice: Taxing Costs Against Losing Party.** A cause was tried before the referee, in which the petition contained nine counts, and there were several counterclaims in the answer. Plaintiff obtained judgment on several counts and defendant was successful on several counts and counterclaims, but the trial court taxed all the costs in the case against the defendant. *Held,* that no reason appeared why defendant should be taxed with all the costs and, under section 694, Revised Statutes 1899, the trial court erred in so taxing the costs.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED AS TO PLAINTIFF'S APPEAL.

REVERSED AND REMANDED (*with directions*) AS TO DEFENDANT'S APPEAL.

*W. P. Campbell* and *O. L. Haydon* for plaintiff.

(1) The agreement in the written contract of June 21, 1906, to "furnish repairs, ordinary wear and tear excepted," obligated the defendant to rebuild and repair, after a partial destruction by fire. Hoy v. Holt, 91 Penn. 88, 36 Am. Rep. 659; Beach v. Crain, 2 N. Y. (2 Comst.) 86, 49 Am. Dec. 369; Polack v. Pioche, 35 Cal. 416, 95 Am. Dec. 115; Scott v. Scott, 18 Gratt (Va.) 166; Ross v. Overton, 3 Cal. 309, 2 Am. Dec. 552; Gathwright v. Callaway Co., 10 Mo. 663. (2) Where a contract is not expressed in precise terms, the court will not hold it meaningless, but will look to the facts and circumstances surrounding the subject-

matter it contains, and the acts of the parties, in aid of construction. Belch v. Miller, 32 Mo. App. 387; Gas Light Co. v. St. Louis, 46 Mo. 121; Goldman v. Wolf, 6 Mo. App. 490; Bishop on Cont., 412; Edwards v. Smith, 63 Mo. 119; Bruce v. Beak, 43 Mo. 266; Moss v. Green, 41 Mo. 390. (3) The court should have submitted the issues to the jury on the testimony in the record tending to show that defendant was at the time and before the issue of the attachment selling and offering to sell in a lump all his available assets and effects, and gave as a reason therefor that he was closing out his business in Missouri, with a view to establishing a lumber business in Alabama, as soon as he could close out his business in Missouri. Elliott v. Keith, 32 Mo. 579; Kurtz v. Troll, 86 Mo. App. 649; Bank v. Russey, 74 Mo. App. 651; Bank v. Lumber Co., 134 Mo. 433; Bank v. Lumber Co., 68 Mo. App. 81; Bank v. Lumber Co., 59 Mo. App. 317; Commission Co. v. Hunter, 91 Mo. App. 333; Powell v. Matthews, 10 Mo. 49; Waples on Attachment, sec. 71; Stewart v. Cabanne, 16 Mo. App. 517; Enders v. Richards, 33 Mo. 598; Noys v. Cunningham, 51 Mo. App. 194.

*Lewis Luster* for defendant.

(1) Appellant is in no position to have the trial court's order referring the case reviewed by this court on appeal, for the reason that appellant failed to save his exceptions to this order by a term bill of exceptions. Smith v. Baer, 166 Mo. 401; Tinsley v. Kimery, 170 Mo. 310. (2) This being a proper case for reference as to some of the counts, it was within the discretion of the court to refer the whole case, which discretion will not be reviewed unless it was clearly abused. Smith v. Baer, 166 Mo. 402; R. S. 1899, sec. 694. (3) Under the provision of the written contract to "furnish repairs," defendant was not bound as an insurer of the mill, and is not responsible in damages for its burning.

Livingston County v. Graves, 32 Mo. 479; McEvers v. Steamboat Sangamon, 22 Mo. 187; Halbut v. Forest City, 34 Ark. 246; Pollard v. Schaffer, 1 Dall. 210; Maggort v. Hansbarger, 8 Leigh. 532; Miller v. Morris, 55 Tex. 412; Levey v. Dyess, 51 Miss. 569; Wattles v. Ice Co. (Neb.), 36 L. R. A. 424; Whitaker v. Hawley, 25 Kan. 692; Warner v. Hitchins, 5 Barb. 666; Wainscott v. Silvers, 13 Ind. 500; Warren v. Wagner, 75 Ala. 188; Howeth v. Anderson, 25 Tex. 557; Nave v. Berry, 22 Ala. 382; Van Wormer v. Crane, 51 Mich. 363; Wait v. O'Neil, 72 Fed. 348.    (4)    There was no evidence tending to substantiate any grounds for attachment alleged by plaintiff, and the action of the lower court in sustaining defendant's demurrer to plaintiff's evidence was justified and should be upheld by this court on appeal.    Meyers v. Boyd, 37 Mo. App. 532; Distilling Co. v. Lock, 59 Mo. App. 640; Hardwick v. Cox, 50 Mo. App. 515; Rosenthal v. Widensholer, 115 Mo. App. 237; Milling Co. v. McWilliams, 121 Mo. App. 322; Adams v. Abernathy, 37 Mo. 198.    (5)    Under the laws of Missouri the question of what is a man's domicile has been settled, both by the statutes and decisions.    R. S. 1899, sec. 4160; Mercantile Co. v. Burrell Sisters, 66 Mo. App. 123; Chariton Co. v. Moberly, 59 Mo. 238.    (6)    An unsettled account is not grounds for an attachment.    Stead v. Mahon, 70 Mo. App. 400; Urner v. Prewett, 24 Mo. App. 539; Meyers v. Boyd, 37 Mo. App. 536.    (7)    There was testimony to sustain every issue of fact on which the referee's finding was against plaintiff. On issues of fact the referee's finding stands the same as the special verdict of a jury, and will not be disturbed by the appellate court where there is testimony to sustain it.    Benevolent Ass'n v. Kribben, 47 Mo. 37; Franz v. Dietrick, 49 Mo. 95; Berthold v. O'Hara, 121 Mo. 97; Utley v. Hill, 155 Mo. 277; Smith v. Baer, 166 Mo. 406; Vogt v. Butler, 105 Mo. 485; Ferry Co. v. Railroad, 73 Mo. 419. (8)    The court erred in taxing all the costs against de-

fendant. R. S. 1899, secs. 694, 1547, 1560; Buckman v. Railroad, 98 S. W. 822; Schumacher v. Mehlberg, 96 Mo. App. 600; Needles v. Burk, 98 Mo. 477.

GRAY, J.—On November 7, 1906, the plaintiff commenced suit against the defendant in the circuit court of Howell county, by filing a petition containing nine counts. The answer of the defendant was a denial of the different counts in plaintiff's petition, and with five counterclaims set forth in his answer. When the suit was commenced, an attachment writ was sued out in aid thereof by the plaintiff, and certain property of the defendant seized. In due time the defendant filed his plea in abatement to the attachment and a trial was had on the issues thus made before a jury in the Howell County Circuit Court, March term, 1907, and at the conclusion of the plaintiff's evidence, the court instructed the jury to find the issues for defendant, and a verdict was rendered in accordance therewith. Motion for new trial was filed in statutory time and a hearing on the same was continued to the July term, 1907, when the motion was taken up and overruled. Whereupon, and on the same day the plaintiff filed his bill of exceptions and an affidavit for an appeal from the judgment of the court overruling his motion for new trial on the plea in abatement. Afterwards and on the same day the plaintiff applied for and obtained a change of venue on the merits of the cause to the Greene County Circuit Court.

On November 14, 1907, the circuit court of Greene county appointed Honorable George W. Goad, referee to hear and determine all the issues in the case. The referee heard the evidence and reported to the court. From the judgment as finally rendered on the referee's report, both parties appealed.

The respondent, Hathway, has filed in this court motions to dismiss the appeal on the attachment proceedings, as well as on the proceedings on the merits,

and to those motions, the other party has replied and has filed supplemental abstracts. The appeals were taken originally to the St. Louis Court of Appeals, and after the cases were transferred here by an order of that court, the supplemental abstracts were filed, as required by the rules of this court, more than thirty days before the cause was set for trial in this court.

We have examined the abstracts and motions relating thereto, and have come to the conclusion that the motions at the time they were filed, were well taken, but since that time, and within the time allowed by the rules of this court, corrected and supplemental abstracts have been filed, and the motions, so far as they relate to insufficient abstracts, will be overruled.

The proceedings in the case, as shown by the record, are out of the ordinary. We have two complete abstracts and bills of exceptions. One abstract is on the attachment proceedings and comes from the Howell County Circuit Court, and the other shows the proceedings on the merits and comes from the Greene County Circuit Court.

When the circuit court of Howell county denied plaintiff a new trial on his plea in abatement, bill of exceptions was filed and an affidavit for an appeal to take effect when the cause had been tried on the merits. The statute governing attachment proceedings, permits of no appeal from a judgment of the court sustaining the plea in abatement. [Sec. 407, R. S. 1899; Harris v. Letner, 101 Mo. App. 689, 74 S. W. 1116.]

The proper practice is to prepare the bill of exceptions and have it approved by the judge of the court in which the abatement proceedings were had, and if a change of venue is taken on the merits, and the term bill of exceptions is filed before the change of venue, it should go with the transcript to the other court, and if filed after such transcript is forwarded, it must still be incorporated in the principal bill of exceptions by bringing it to the attention of the court settling the

final bill. [Cantwell v. Lead Co., 199 Mo. l. c. 40, 97 S. W. 167.]

And when a litigant appeals from a whole case, he makes his bill of exceptions, which also includes his exceptions on a trial of the plea in abatement, and which makes one bill. The trial of the plea in abatement is but a preliminary step in the cause. [Bank v. Thornburrow & Stone, 109 Mo. App. l. c. 642, 83 S. W. 771.]

In this case, however, we have examined the testimony taken on the plea in abatement, and we cannot say that the trial court committed error in sustaining the demurrer to the plaintiff's evidence. The court should take the case from the jury where, if it was submitted and the verdict rendered for plaintiff, such verdict could not stand. [Warner v. The Railroad, 178 Mo. 125, 77 S. W. 67.] And when the court is asked to authorize the jury to find a fact from testimony so vague and uncertain that the inference to be drawn from it amounts to scarcely more than conjecture or the possibility that the fact might exist, and if the case is such that a verdict for plaintiff would necessarily have to be set aside, the court should not submit the question to the jury. [Furber v. Kansas City Bolt & Nut Co., 184 Mo. 301, 85 S. W. 890.]

And a verdict founded upon a mere conjecture or possibilities, however reasonable, will not be permitted to stand, and it is the duty of the court to draw the line between evidence and reasonable deduction on the one hand, and mere conjecture and speculation on the other. [Bates Co. Bank v. Railroad Co., 98 Mo. App. 330, 73 S. W. 286.]

The mere fact that a debtor had not paid according to promise, or had offered to sell his property, will not justify the charge that he is about fraudulently to conceal, remove or dispose of his property so as to hinder or delay his creditors. [Distilling Co. v. Loche, 59 Mo. App. 637.]

And where the issue is whether a conveyance is fraudulent, fraud cannot be inferred from the mere fact that the defendant was insolvent or financially embarrassed at the time of making the trade. [Gage v. Mears, 107 Mo. App. 140, 80 S. W. 712.]

The evidence to sustain the grounds of attachment, to-wit: That the defendant was about to remove his property and effects out of the State, with intent, etc., and that the defendant is about to remove out of the State with intent to change his domicile, consists in one declaration made by the defendant to the effect that he had purchased with other parties, a tract of timber in Alabama, but that he did not expect to remove his family from West Plains, Missouri.

We find that the trial court committed no error in sustaining the demurrer to the evidence on the plea in abatement.

At the September term, 1907, of the Greene County Circuit Court, an order was made by the court on its own motion, referring the case to Mr. Goad, with instructions to hear and determine all the issues in the case. At the time this order was made, the plaintiff objected to the action of the court in referring the case. At a subsequent term of the court, the referee filed his report. Both parties in this court assail the act of the trial court in appointing a referee. It stands admitted, however, that as to some of the counts in the petition and counterclaim, it was proper to refer the case, but they claim that as to some counts they had the right to have the issues tried by a jury.

This question is not a matter of review in this case, for the reason, as heretofore stated, the order of reference was entered during a term of court and no bill of exceptions was filed during that term, saving an objection and exception to the action of the court. The referee made his report at a subsequent term, and the only bill of exceptions that was ever filed in the case was filed at a subsequent term, and if the parties de-

sired to have the action of the court referring the case, reviewed, they should have filed a bill of exceptions at the term when the order was made, and then embodied that term bill of exceptions in their final bill of exceptions after the trial of the cause. This, they did not do, and therefore, the cause stands here as if the cause had been referred by consent of the parties. [Smith v. Baer, 166 Mo. 392, 66 S. W. 166; Tinsley v. Kenery, 170 Mo. 310, 70 S. W. 691; Cantwell v. The Lead Co., 199 Mo. 1, 97 S. W. 167.]

The parties admitting that some of the counts in the petition and counterclaim were properly referred, the action of the court in referring the other counts along with the proper counts, is a matter of discretion, and not subject to be reviewed unless it was clearly abused. [Smith v. Baer, 166 Mo. l. c. 402, and authorities there cited.]

Many of the objections to the report of the referee with respect to his finding of facts, are based upon his failure to find according to the preponderance of the evidence. Such objections are not reviewable in the appellate courts. [Citizens National Bank v. Donnell, 172 Mo. 384, 72 S. W. 925.] The courts treat the report of a referee as a special verdict, and refuse to interfere unless it is without substantial evidence to support it. [Berthold v. O'Hara, 121 Mo. 88, 25 S. W. 845.]

The trial court, however, is not in the same position as the appellate court in this matter. It is the duty of that court to review the findings of facts by referee. [Smith v. Baer, supra; Utley v. Hill, 155 Mo. 232, 55 S. W. 1091.]

In this case, neither party demanded a jury at the time the referee was appointed, and the case was then tried before the trial judge with the aid of the referee, and we can see no reason why the judgment of the court based upon the report of the referee, should not be as binding upon this court as to all matters in which

there was a conflict in the evidence, as it is in cases tried before the court without a jury or a referee.

The plaintiff does not complain of the action of the referee or court on certain counts of his petition, and, therefore, it will not be necessary to make any comment concerning them.

The sixth count in the plaintiff's petition, seeks to recover damages for breach of contract in failing to furnish logs to keep a mill running. The facts necessary to an understanding of this and subsequent issues, may be briefly stated as follows: The plaintiff was the owner of a sawmill outfit, and the defendant was the owner and had control of a large amount of standing and growing timber in Shannon county. There was a contract entered into between them, dated May 11, 1905, by the terms of which plaintiff was to move his mill to a point accessible to the timber land of defendant and saw timber and be paid therefor $2.25 per thousand feet, of merchantable lumber. The plaintiff moved his mill to the point agreed upon and commenced to saw lumber under the terms of the contract. The mill did not run steadily, and there was a conflict in the testimony as to the reasons therefor, the plaintiff claiming that the defendant neglected to furnish logs, and the defendant making a claim of bad weather and that a part of the time plaintiff was sawing for other persons.

There was a sharp conflict in the testimony concerning the cause of the delay, and also as to what profits if any, the plaintiff would have realized, and how much he lost by reason of the failure of defendant to furnish logs, as the testimony shows that part of the time he sawed for other people. Under the evidence, the referee or trial court had the right to say that the damages were not proven.

On the 21st day of June, 1906, the plaintiff leased to the defendant the sawmill outfit and while the mill was in the possession of the defendant under this lease,

the same was partially destroyed by fire, and the fourth, fifth, eighth and ninth causes of action were for damages on account of that fire.

The fourth count was based upon the duty of defendant to restore the mill or answer in damages for its destruction by virtue of the terms of the written lease. The other counts relating to the destruction of the mill are founded upon the charge that the fire was due to the negligence of the defendant.

As to all the counts charging negligence, they may be disposed of by the fact that the testimony as to the negligence of the defendant was conflicting, and the judgment for the defendant has the endorsement of the referee and the trial court.

The question as to liability under the terms of the lease, is one of law.

In order to determine the legal proposition, it will be necessary to set forth a part of the written lease, as follows: "Said first party for himself, his heirs and assigns, does by these presents, demise and lease unto the second party, one sawmill complete with tools, appurtenances and appliances thereto, with the use and benefit thereof, for a period of thirty to sixty days, or until such time as party of the first part shall return and continue the performance of a certain other contract now existing between the parties aforesaid. From the date of this contract, party of the second part agrees to pay party of the first part, the sum of fifty cents per one thousand feet for lumber cut by him with said mill during the existence of the lease, to be received as payment in full for the use of said mill for the term of said lease. Said second party agrees to furnish repairs, ordinary wear and tear excepted."

The referee interpreted the contract to require the defendant to answer to the plaintiff for the destruction of the property by fire, and recommended that judgment be entered for the plaintiff and against the defendant

143 App—33

for six hundred and twenty dollars damages for the injury to the mill.

The court set aside the finding of the referee allowing plaintiff six hundred and twenty dollars for the destruction of the mill, and to such action of the court, plaintiff excepted, and has saved the point and it is properly presented at this time.

The general rule is, if property, while in the possession of the bailee or tenant, is destroyed by flood, wind or fire, without negligence on the part of the tenant or bailee, the latter is not liable to the owner for the loss. It is equally as well settled in this State that although the lease or contract contains a covenant or agreement to return in good condition at the end of the term, that a destruction of the premises or property by fire without fault on the part of the tenant will release the tenant from his obligation to return. [McEvers v. Steamboat Sangamon, 22 Mo. 187; Clough v. Stillwell Meat Co., 112 Mo. App. 192, 86 S. W. 580.]

It must be kept in mind in determining this case, that the property was not entirely destroyed. The petition alleges damages to the property, and the report of the referee finds that the mill and machinery were burned so as to render it impossible for the plaintiff to use same for the purpose of manufacturing lumber under the contract, unless repaired by rebuilding the mill (a temporary affair) and replacing the injured machinery and repairing the boiler and engine. Livingston Co. v. Graves, 32 Mo. 479, at first reading, might be considered as an authority settling the rule in Missouri. In that case, defendant contracted to build a bridge in accordance with certain plans and specifications, and bound himself to keep the bridge in repair for the term of three years. The bridge was destroyed by fire and the court held he was not bound to rebuild. A careful reading of the case, however, will disclose the fact that the court put its decision upon the fact that it was a contract for erecting the bridge

and the covenant to keep in repair in that contract for a time could only be regarded as providing means whereby it could be more definitely ascertained that the builder had fully complied with his contract.

In McEvers v. Steamboat Sangamon, 22 Mo. 188, the barge was hired by the defendant under an agreement that it was to be redelivered in good order, the usual wear and tear excepted. The barge was destroyed by ice and it was held that the defendant was not liable on the contract for the non-delivery of the barge. This case is cited with approval in Seevers v. Gabel, by the Supreme Court of Iowa, 62 N. W. 669.

The authorities are unanimous that it is all a question of interpretation of the particular contract as to when the tenant or bailee is liable for accidental destruction of the property.

In support of the proposition that where the bailee agrees to keep the premises in repair, he is liable for damage to the property by fire, the following may be cited: Nave v. Berry, 22 Ala. 382; Levy v. Dyess, 51 Miss. 569; Hoy v. Holt, 91 Pa. 88, 36 Am. Rep. 659; Abby v. Billips, 35 Miss. 618, 72 Am. Dec. 143; Phillips v. Stevens, 16 Mass. 238; Beach v. Crane, 2 N. Y. (Comst.) 86, 49 Am. Dec. 369; Gathwright v. Callaway Co., 10 Mo. 663.

The leading case in support of defendant's contention that the destruction of the property by fire released him from his contract to furnish repairs, is Wattles v. South Omaha Ice & Coal Co., decided by the Supreme Court of Nebraska, January 7, 1897, and reported in 69 N. W. 785. In that case there was an express agreement to keep the property in repair and deliver it at the end of the term. The property was destroyed and the court held that the tenant was released.

The contention of plaintiff finds support in the recent case of Peper v. St. Louis Brass Mfg. Co., 123 S. W. 1012. In that case the controversy was over a

lease of machinery. By the terms of the lease, the lessee agreed to exercise every precaution in the use of the leased machinery, and agreed to assume all costs of repairs, and at the expiration of the term, turn over the machinery and equipment in perfect condition, saving natural wear and tear. It was held that by the terms of the lease, the lessee was required to make whole the damages to machinery resulting from accidents like the fracture of an engine shaft, though not resulting from the lessee's negligence.

It will be noticed that the written contract does not provide in express terms that the defendant shall keep the mill in repair and turn it over at the end of the term, but simply requires him to furnish repairs. It must be admitted that the terms of the contract are not clear, but are so vague and indefinite as to permit the introduction of parol testimony and evidence of the circumstances surrounding the making of the contract. Both parties introduced such testimony before the referee. This testimony was preserved and was presented to the trial court. The court set aside the finding of the referee allowing plaintiff for damages to the mill, and rendered judgment in favor of the defendant upon that item.

The testimony of the plaintiff was to the effect that defendant agreed to be responsible for the mill and to carry insurance thereon. The defendant denied this, and said he was to have the mill insured in the name of the plaintiff. The defendant offered testimony to prove what is generally meant by repairs, when the term is used with reference to a sawmill. All this testimony, together with the written contract, was before the trial court, and in as much as the court set aside both the findings and conclusions of the referee on this item, we must presume that the court examined the testimony and differed with the referee as to what the parties agreed upon and meant by the uncertain terms in their written contract. This, the court had the right to do,

and as its finding is supported by substantial evidence, it is not our appellate duty to substitute our conclusion on the evidence for that of the trial judge. [Utley v. Hill, 155 Mo. 232, 55 S. W. 1091.]

What we have said disposes of all the points raised by the appeals of the parties except the complaint made by the defendant, that the court erred in taxing all the costs of the case against him.

There were nine counts in the plaintiff's petition, and several in the defendant's counterclaim. Section 694, Revised Statutes 1899, provides that "where there are separate causes of action united, the court shall award separate costs against the unsuccessful party, unless for good cause it shall otherwise order."

Several witnesses were subpoenaed and fees allowed on counts in the plaintiff's petition wherein there were findings for the defendant. Much of the time of the referee was consumed in taking testimony on causes of actions wherein the final judgment was in favor of the defendant. There can be no reason assigned why the defendant should be taxed with all the costs incurred on such counts, and why he should be taxed with all the costs and expenses of the referee in hearing and determining said issues.

The premises considered, the judgment of the trial court as to all matters relating to plaintiff's appeal, is affirmed, but on the defendant's appeal, the judgment is set aside, and the cause remanded with directions for the trial court to proceed and tax the costs between the parties, taxing to the plaintiff the costs incurred on the counts in which the findings were for the defendant, and taxing the costs to the defendant on the counts wherein the findings were for the plaintiff, and properly proportioning the costs allowed the referee in the same manner, and adjusting any and all other items of cost that may be in the case. All concur.